IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CUSTOM MEDIA TECHNOLOGIES LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 13-1424 (LPS) |
| | ) |
| DISH NETWORK CORPORATION, | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT'S OPENING BRIEF IN SUPPORT OF ITS MOTION TO DISMISS
PLAINTIFF'S COMPLAINT FOR FAILURE TO STATE A CLAIM**

OF COUNSEL:

G. Hopkins Guy III
BAKER BOTTS L.L.P.
1001 Page Mill Road
Building One, Suite 200
Palo Alto, CA 94304-1007
(650) 739-7500

Bradley Bowling
Ali Dhanani,
BAKER BOTTS L.L.P.
One Shell Plaza
910 Louisiana Street
Houston, TX 77002-4995
(713) 229-1234

Jamie R. Lynn
BAKER BOTTS L.L.P.
The Warner
1299 Pennsvylania Avenue, N.W.
Washington, DC 20004-2400
(202) 639-7786

October 7, 2013

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Rodger D. Smith II (#3778)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
rsmith@mnat.com

*Attorneys for Defendant
DISH Network Corporation*

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................................... ii

I. NATURE AND STAGE OF THE PROCEEDINGS .......................................................1

II. SUMMARY OF THE ARGUMENT ................................................................................1

III. STATEMENT OF FACTS .................................................................................................1

IV. ARGUMENT ......................................................................................................................2

    A. Custom Media Has Failed to State a Claim Upon Which Relief May be Granted .................................................................................................2

V. CONCLUSION ...................................................................................................................6

TABLE OF AUTHORITIES

Page(s)

**CASES**

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) .......................................................................................................2, 3

*Ashcroft v. Iqbal*,
  566 U.S. 662 (2009) ..........................................................................................................1

*Bedrock Computer Techs., LLC v. Softlayer Techs., Inc.*,
  No. 6:09-269, 2010 WL 5175172 (E.D. Tex. Mar. 29, 2010) ...........................................6

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 544 (2007) .................................................................................................1, 2, 3

*Clouding IP, LLC v. Amazon.com, Inc.*,
  C.A. Nos. 12-641 (LPS), 12-642 (LPS), 12-675 (LPS), 2013 WL 2293452 (D. Del.
  May 24, 2013) ....................................................................................................................4

*Eidos Commc'ns, LLC v. Skype Techs. SA*,
  686 F. Supp. 2d 465 (D. Del. 2010) ..........................................................................3, 4, 5

*Fifth Market, Inc. v. CME Group, Inc.*,
  C.A. No. 08-520 (GMS), 2009 WL 5966836 (D. Del. May 14, 2009) .....................3, 4, 5

*Fowler v. UPMC Shadyside*,
  578 F.3d 203 (3d Cir. 2009) ..............................................................................................2

*In re Bill of Lading Transmission and Processing Sys. Patent Litig.*,
  681 F.3d 1323 (Fed. Cir. 2012) .........................................................................................2

*K-Tech Telecomms., Inc. v. Time Warner Cable, Inc.*,
  714 F.3d 1277 (Fed. Cir. 2013) .....................................................................................4, 6

*McZeal v. Sprint Nextel Corp.*,
  501 F.3d 1354 (Fed. Cir. 2007) .....................................................................................2, 3

*Oakley, Inc. v. 5.11, Inc.*,
  No. 11-2173, 2012 WL 1327796 (S.D. Cal. Apr. 17, 2012) .............................................5

*XPoint Tech., Inc. v. Microsoft Corp.*,
  730 F. Supp. 2d 349 (D. Del. 2010) ..................................................................................3

**RULES AND STATUTES**

Fed. R. Civ. P. 8 ............................................................................................................... 1, 2

Fed. R. Civ. P. 12(b)(6) ................................................................................................... 1, 6

I.      NATURE AND STAGE OF THE PROCEEDINGS

Plaintiff Custom Media Technologies, LLC ("Custom Media") filed this action against Defendant DISH Network Corporation ("DISH") on August 15, 2013, alleging that DISH has infringed U.S. Patent No. 6,269,275 ("the '275 patent"). DISH has moved to dismiss the Complaint (D.I. 1) for failure to state a claim. This is DISH's Opening Brief in support of that motion.

II.     SUMMARY OF THE ARGUMENT

The Complaint should be dismissed because it fails to satisfy the pleading standards of Fed. R. Civ. P. 8(a) as articulated in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 566 U.S. 662 (2009). Indeed, the Complaint does not even satisfy the minimal requirement of Fed. R. Civ. P. Form 18 for patent infringement. Rather than identify any allegedly infringing services or methods, Custom Media simply alleges infringement of "at least Claim 1 of the '275 patent" by quoting the language of Claim 1. Such allegations do not satisfy Custom Media's obligation to provide DISH with "fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (omission in original) (internal quotation marks omitted). Therefore, the Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim.

III.    STATEMENT OF FACTS

Claim 1 of the '275 patent covers "[a] method for customizing and distributing presentations for user sites." '275 Patent col.1 ll.1-3. The Complaint simply repeats the words of Claim 1, but does not identify the allegedly accused service or method. The Complaint alleges only that Custom Media owns the '275 patent and that DISH has infringed "at least

1

Claim 1" of that patent by "using a method and system of customizing and distributing presentations for user sites." (D.I. 1, ¶ 11.)

Because DISH could not understand what Custom Media alleged infringed the '275 patent, it sought clarification from Custom Media. On August 30, 2013, DISH's counsel explained to Custom Media's counsel that DISH did not understand what was accused of infringement and asked for further information. *See* Guy Decl. ¶ 5. At that time Custom Media's counsel stated only that it plans to accuse DISH's Hopper. Guy Decl. ¶¶ 6-7. But Custom Media has not sought to amend its Complaint to properly allege any method or system of infringement.

## IV.   ARGUMENT

### A.   Custom Media Has Failed to State a Claim Upon Which Relief May be Granted

Motions to dismiss for failure to state a claim are governed by regional circuit law. *In re Bill of Lading Transmission and Processing Sys. Patent Litig.*, 681 F.3d 1323, 1331 (Fed. Cir. 2012). "The central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief." *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1356 (Fed. Cir. 2007) (internal quotation marks omitted); *see also Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) ("To prevent dismissal, all civil complaints must now set out 'sufficient factual matter' to show that the claim is facially plausible."). Under Fed. R. Civ. P. 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks omitted) (interpreting Rule 8); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 684-85 (2009) (applying *Twombly* to civil actions pleaded under Rule 8).

Although "detailed factual allegations" are not required, a complaint must allege "sufficient factual matter, accepted as true, to state a claim that is plausible on its face." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). That determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

In the patent context, a patentee must "plead facts sufficient to place the alleged infringer on notice as to what he must defend." *McZeal*, 501 F.3d at 1357 (citing *Twombly*, 550 U.S. at 565 n.10). In determining whether a complaint alleging direct patent infringement is sufficiently pleaded, courts in this District have applied the standard the Federal Circuit set forth in *McZeal*, which, like Form 18, requires a plaintiff alleging direct infringement to provide the following:

> (1) an allegation of jurisdiction; (2) a statement that the plaintiff owns the patent; (3) a statement that defendant has been infringing the patent "by making, selling, and using [the device] embodying the patent"; (4) a statement that the plaintiff has given the defendant notice of its infringement; and (5) a demand for an injunction and damages.

*Eidos Commc'ns, LLC v. Skype Techs. SA*, 686 F. Supp. 2d 465, 467 (D. Del. 2010) (quoting *McZeal*, 501 F.3d at 1356-57).

Under that standard, however, a patentee must do more than allege that the defendant infringes by "'making, using, selling, and/or offering for sale products and methods covered by the claims of' the asserted patents." *XPoint Tech., Inc. v. Microsoft Corp.*, 730 F. Supp. 2d 349, 353-54 (D. Del. 2010) (quoting *Fifth Market, Inc. v. CME Group, Inc.*, C.A. No. 08-520 (GMS), 2009 WL 5966836, at *1 (D. Del. May 14, 2009)). A patentee must

3

specify "whether [it is] targeting either a product or a method" and is "obligated to specify, at a minimum, a general class of products or a general identification of the alleged infringing methods." *Eidos*, 686 F. Supp. 2d at 467. Although Form 18 does not require "a plaintiff to identify an accused device by name," *K-Tech Telecomms., Inc. v. Time Warner Cable, Inc.*, 714 F.3d 1277, 1286 (Fed. Cir. 2013), it does require an identification of "a general category of products," *Clouding IP, LLC v. Amazon.com, Inc.*, C.A. Nos. 12-641 (LPS), 12-642 (LPS), 12-675 (LPS), 2013 WL 2293452, at *2 (D. Del. May 24, 2013).

In *Eidos*, for example, Judge Robinson granted a motion to dismiss where the plaintiff alleged that "the technology at issue generally involves a communication system that employs products and/or methodologies to allow for the transmission and/or control of digitized voice data, as well as to allow for the transmission and/or control of message data, in communications applications such as, and by way of example only, messaging and telephony." 686 F. Supp. 2d at 466. The Court held that the "complaint at bar does not specify a product or method at all," as it gives only "examples of large technology areas, not genres of products." *Id.* at 468. The Court also noted that the plaintiffs failed to "settl[e] conclusively on whether they are targeting either a product or a method," and found that the plaintiffs' use of "conditional language" "ha[d] not guided the course of discovery." *Id.* at 467, 469.

Similarly, in *Fifth Market*, Chief Judge Sleet dismissed a patent infringement complaint that attempted to define the defendants' accused products by referring only to the claims of the patent-in-suit. 2009 WL 5966836, at *1. The Court noted that none of the claims in the complaint "contain any reference to a single infringing product or method . . . . Therefore, [the] complaint fails to provide the . . . defendants with fair notice of the claims and grounds for entitlement to relief, and the court will grant the . . . motion to dismiss." *Id.*

4

Here, Custom Media's sole allegation of infringement is as follows: "DISH has infringed the '275 patent by using a method and system of customizing and distributing presentations for user sites that directly infringes at least Claim 1 of the '275 patent either literally or under the doctrine of equivalents." (D.I. 1, ¶ 11.) Custom Media's allegation is merely a repetition of the words of the preamble to Claim 1. *See* '275 Patent col. 8 ll. 61-62.[1] As in *Eidos*, such allegations do not provide DISH with meaningful notice of what services or methods are actually accused of infringement. The allegation that DISH is infringing by "using a method and system of customizing and distributing presentations for user sites" is not a specification of "a general class of products or a general identification of the alleged infringing methods." *Id.*

Indeed, as in *Fifth Market*, the Complaint is circular: it defines the accused service or method by the patent claim alleged to infringe. *Compare* '275 Patent col.8 ll.61-62, claim 1 ("A method for customizing and distributing presentations for user sites . . . ."), *and id.* col.9 ll.45-46 ("A system for customizing and distributing presentation for user sites . . . ."), *with* D.I. 1, ¶ 11 ("DISH has infringed the '275 patent by using a method and system of customizing and distributing presentations for user sites . . . ."). Thus, Custom Media's Complaint does not identify what, if any, services or methods are accused of infringement. Nowhere in the Complaint does Custom Media identify any system or method operated or offered by DISH, let alone one that allegedly infringes the '275 patent. Where, as here, the Complaint alleges infringement by unspecified services or methods, it is legally insufficient to meet the required pleading standards. *See Eidos*, 686 F. Supp. 2d at 469 (dismissing claims for direct infringement

---

[1] That preamble in fact mimics the patent's title. *See* '275 Patent col.1 ll.1-3 ("Method and System for Customizing and Distributing Presentations for User Sites".).

5

where plaintiff alleged the defendant's "communication system products and/or methodologies" infringed because "no category of product (or general identification of a process or method)" was identified); *see also Oakley, Inc. v. 5.11, Inc.*, No. 11-2173, 2012 WL 1327796, *3 (S.D. Cal. Apr. 17, 2012) (granting motion to dismiss because complaint only alleged defendant's infringing products were "eyewear," and defendant had many models of eyewear); *Bedrock Computer Techs., LLC v. Softlayer Techs., Inc.*, No. 6:09-269, 2010 WL 5175172, *1, 3 (E.D. Tex. Mar. 29, 2010) (granting motion to dismiss direct infringement claims because complaint only alleged that defendant was infringing patent).

The Complaint fails to provide the "touchstones of . . . notice and facial plausibility" that Form 18 requires. *K-Tech*, 714 F.3d at 1286. And Custom Media's counsel's out-of-court statements fail to cure that problem. The Complaint should be dismissed for failure to state a claim.

## V. CONCLUSION

For the foregoing reasons, DISH respectfully requests that the Court dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Rodger D. Smith II*

---

Rodger D. Smith II (#3778)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
rsmith@mnat.com

*Attorneys for Defendant*

OF COUNSEL:

G. Hopkins Guy III
BAKER BOTTS L.L.P.
1001 Page Mill Road
Building One, Suite 200
Palo Alto, CA  94304-1007
(650) 739-7500

Bradley Bowling
Ali Dhanani,
BAKER BOTTS L.L.P.
One Shell Plaza
910 Louisiana Street
Houston, TX  77002-4995
(713) 229-1234

Jamie R. Lynn
BAKER BOTTS L.L.P.
The Warner
1299 Pennsvylania Avenue, N.W.
Washington, DC  20004-2400
(202) 639-7786

October 7, 2013
7629670.1

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 7, 2013, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on October 7, 2013, upon the following in the manner indicated:

| | |
|---|---|
| Richard D. Kirk, Esquire<br>Stephen B. Brauerman, Esquire<br>Vanessa R. Tiradentes, Esquire<br>222 Delaware Avenue, Suite 900<br>P.O. Box 25130<br>Wilmington, DE  19899<br>*Attorneys for Plaintiff* | *VIA ELECTRONIC MAIL* |
| Robert E. Freitas, Esquire<br>Craig R. Kaufman, Esquire<br>FREITAS TSENG & KAUFMAN LLP<br>100 Marine Parkway, Suite 200<br>Redwood Shores, CA  94065<br>*Attorneys for Plaintiff* | *VIA ELECTRONIC MAIL* |

*/s/ Rodger D. Smith II*

Rodger D. Smith II (#3778)